UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-00028-MR

| | |
|---|---|
| BILLY JOE FRANKLIN, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LINCOLN COUNTY SHERIFF, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 4], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 5, 8].

## I.   BACKGROUND

Pro se Plaintiff Billy Joe Franklin, III, ("Plaintiff") is a North Carolina state inmate currently incarcerated at Central Prison in Raleigh, North Carolina. He filed this action on February 12, 2021, pursuant to 42 U.S.C. § 1983, and an Amended Complaint less than a month later. [Docs. 1, 4]. In Plaintiff's Amended Complaint, he names "John Doe #1," identified as the Lincoln County Sherriff, and John Does #2 through #4, identified as Lincoln

County Sheriff's Officers,[1] as Defendants in this matter in their individual and official capacities.[2] [Doc. 4 at 2-3]. Plaintiff alleges that following while he was a pre-trial detainee:

> [O]n 2-28-2019 in the early hours as John Doe #2 arrived at Alexander County Jail to transport me to Lincoln County Courthouse. He placed a pair of mechanical handcuffs on me and tortured me by tightening the cuffs remotely for the entire hour ride to Lincoln County Courthouse, Anytime I made a sound he would tighten the cuffs
>
> The torture began in the back of John Doe #2's Sheriff car. And continued when I arrived at the courthouse and was delivered to John Doe #3…. Anytime I would talk or make a sound they would tighten my handcuffs remotely – John Doe #4 was in the courthouse and observed me in terrible pain being tortured and did nothing to assist me.

[Doc. 4 at 4-5 (errors uncorrected)]. Plaintiff alleges that the Defendant Sheriff was the Deputy Defendants' supervisor and that "the malicious & sadistic acts that occurred were obviously routine to the entire Sheriffs [*sic*] office under the watch of John Doe #1." [Id. at 4].

---

[1] The Court will hereinafter refer to these John Doe Sheriff's Officer Defendants as "Deputy Defendants."

[2] In the caption of his Amended Complaint, Plaintiff lists the "Lincolnton Sheriff" and John Does #1 through #4 as Defendants. [Doc. 4 at 1]. In the body of the Amended Complaint, however, Plaintiff refers to the Lincoln County Sheriff as John Doe #1 and the Deputy Defendants as John Does #2 through #4. The Court will, therefore, treat them accordingly. [See id. at 3-5]. The Court will instruct the Clerk to omit Defendant "John Doe #1" from the Docket in this matter.

Plaintiff purports to assert the following claims relative to this conduct: "The Fourth Amendment, deliberate indifference, malicious and sadistic intent, deprivation of right of bodily injury, and atypical and significant hardship[.] The Eighth Amendment – cruel and unusual punishment excessive use of force, and mental abuse and damage, … intentional infliction of emotional distress, negligence." [Doc. 4 at 3].

For injuries, Plaintiff claims that his hands were "cut off from circulation for hours, swollen and purple causing nerve damage with lingering pains and numbness." [Id. at 5]. Plaintiff also claims to have sustained mental anguish "from being tortured and everyone … working to cover it up." [Id.].

For relief, Plaintiff seeks monetary damages. [Id.].

## II.   STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### A. Lincoln County Sheriff (John Doe #1)

#### 1. Official Capacity

Suits against sheriffs in their official capacity are in substance claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). To succeed on such a claim, Plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of

federal law.  See Monell v. New York City Dep't. of Social Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20, 105 S. Ct. 2427, 2433-34 (1985) (discussing same).

Here, Plaintiff alleges that the Deputy Defendants' conduct was "obviously routine to the entire Sheriffs office under the watch of John Doe #1." [Doc. 4 at 4]. Assuming the truth of Plaintiff's allegations and giving him the benefit of a very broad and favorable inference, the Court finds that Plaintiff's official capacity claim against Defendant Lincoln County Sheriff under the Fourteenth Amendment is not clearly frivolous and survives initial review.

### 2. Individual Capacity

The doctrine of respondeat superior does not apply in actions brought under § 1983.  See Monell, 436 U.S. at 694.  Rather, to establish liability under § 1983, a plaintiff must show that the defendant "acted personally" to cause the alleged violation.  See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted).  Plaintiff here alleges only that the Lincoln County Sheriff was the Deputy Defendants' supervisor and that the alleged conduct was "routine" under the Sheriff's watch.  This is insufficient to state

5

a claim for individual liability under § 1983. Plaintiff's individual capacity claim against the Defendant Lincoln County Sheriff will, therefore, be dismissed.

## B. Deputy Defendants (John Does #2 through #4)

### 1. Official Capacity

A claim against a sheriff deputy in his official capacity is akin to a suit against the office of sheriff itself. See Monell, 436 U.S. at 690 (official capacity claims "represent only another way of pleading an action against an entity of which an officer is an agent"). Because Plaintiff has brought a cognizable official capacity claim against the Defendant Lincoln County Sheriff, Plaintiff's official capacity claims against the Deputy Defendants are redundant and will be dismissed.

### 2. Individual Capacity

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was

6

objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

"A failure-to-protect claim brought by a pretrial detainee constitutes a due process claim under the Fourteenth Amendment to the United States Constitution." McFadden v. Butler, No. TDC-16-0437, 2018 WL 1394021, at *4 (D. Md. Mar. 19, 2018) (citing Smith v. Sangamon Cty. Sheriff's Dep't, 715 F.3d 188, 191 (7th Cir. 2013)). "Due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to the convicted prisoner." Id. (citing Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (citations omitted)). "Thus, the standards for a Fourteenth Amendment failure-to-protect claim are the same as those for a comparable claim brought by a convicted prisoner under the Eighth Amendment." Id. (citations omitted). To show deliberate indifference under the Eighth Amendment, a plaintiff must allege that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. Danser v. Stansberry, No. 13-1828, 2014 WL 2978541, at *5 (4th Cir. Sept. 12, 2014). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and

7

he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Further, the deprivation alleged must be, objectively, sufficiently serious." Id. at 235-36 (citation and internal quotation marks omitted); see Brown v. N.C. Dep't of Corr., 612 F.3d 720, 723 (4th Cir. 2010) ("[A] prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions.") (quoting Odom v. S.C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003))).

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff states a Fourteenth Amendment claim against John Doe Deputy Defendants #2 and #3 based on the use of excessive force and against John Doe Deputy Defendant #4 based on the failure to protect.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's claims against Defendants for violation of Plaintiff's Fourteenth Amendment rights survives initial review in accordance with this Order. Plaintiff's individual capacity claim against Defendant Lincoln County Sheriff and Plaintiff's

---

[3] Because Plaintiff's Fourteenth Amendment claims have, in part, survived initial review, the Court declines to specifically address Plaintiff's claims for negligence and intentional infliction of emotional distress on initial review and allows them to proceed against Defendants at this early stage of the proceedings. Plaintiff's other purported claims not specifically addressed are either encapsulated in his Fourteenth Amendment claims or are not recognized causes of actions and will not be further addressed.

official capacity claims against the Deputy Defendants fail initial review and will be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Fourteenth Amendment claims against Defendant Lincoln County Sheriff in his official capacity and against the John Doe Defendants #2, #3, and #4 in their individual capacities survive initial review, as do Plaintiff's claims for negligence and intentional infliction of emotional distress. Plaintiff's remaining claims fail initial review and shall be **DISMISSED**.

The Clerk of Court is instructed to mail four (4) blank summonses to Plaintiff to fill out and identify Defendants Lincoln County Sheriff and John Doe Defendants #2 through #4 for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendants. As the Court receives the summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendants.

The Clerk is respectfully instructed to remove Defendant John Doe #1 from the docket in this matter.

**IT IS SO ORDERED**.

Signed: April 20, 2021

Martin Reidinger
Chief United States District Judge