# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:21-cv-00028-MR

| | |
|---|---|
| BILLY JOE FRANKLIN, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LINCOLN COUNTY SHERIFF, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Discovery Request," [Doc. 26], which the Court construes as a motion for discovery.

Pro se Plaintiff Billy Joe Franklin, III, ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Maury Correctional Institution in Maury, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on February 12, 2021, against unnamed Defendant Lincoln County Sheriff and three other John Doe Defendants. [Doc. 1]. The Complaint survived initial review in accordance with the Court's Order. [Doc. 9]. The Court ordered Plaintiff to provide the necessary information for the U.S. Marshal to effectuate service on Defendants. [Id. at 9]. Plaintiff was instructed to complete the four blank summonses that were mailed to him to identify the Defendants for service. [Id.].

Plaintiff now moves the Court for "information of the names of John Does 1-4 in this case" so that he can provide completed summonses to the Marshal for service. [Doc. 10]. As Plaintiff was advised in the Order of Instructions in this case, it is his duty to "obtain any essential discovery in compliance with the applicable rules and procedure." [Doc. 3 at ¶ 7]. It is not within the province of the Court to conduct discovery for the parties. Rather, "[i]t is Plaintiff's responsibility to actively pursue [his] case." [Id.] Moreover, "Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order." [Id. (citing LCvR 26.1). Finally, parties shall not file discovery requests with the Court. [Id. (citing LCvR 26.2)]. Once the Pretrial Order and Case Management Plan is entered in this case, all discovery requests must be served on the opposing party and not with this Court. The Court will, therefore, strike Plaintiff's discovery request.

Should Plaintiff need to engage in informal discovery to obtain the names of the Doe Defendants, he may do so. It seems, if nothing else, Plaintiff should be able to learn the identity of the Lincoln County Sheriff at the time(s) relevant to his case and proceed from there.

# **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Discovery Request" [Doc. 10] is **STRICKEN** from the record in this matter.

Signed: June 28, 2021

Martin Reidinger
Chief United States District Judge